UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH LACY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TENNESSEE CIVIL RULE 15G THIRD PARTY, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 22-3537 (JMC) |

**MEMORANDUM OPINION**

Deborah Lacy, proceeding *pro se*, filed a civil complaint against an unidentified "Tennessee Civil Rule 15g Third Party," an individual named Dave Ramsey, the Appellate Court of Middle Tennessee, the State of Tennessee, and a local mayor. Lacy makes various allegations centered around an enormous, $10.5 billion settlement, which Lacy alleges was stolen by Defendants. For the reasons described below, the Court DISMISSES the complaint *sua sponte*. However, the Court grants Lacy leave to refile, within 30 days, an amended complaint that cures the existing deficiencies.

**I.     Background**

On November 16, 2022, Deborah Lacy filed a 24-page, handwritten Complaint. ECF 1. On November 29, December 1, December 5, and December 12, she filed four handwritten "Errata," each of which purported to make amendments to the Complaint. ECF 3, 4, 5, and 7. For the sake of completeness, the Court considers these documents, together, to be Lacy's Complaint.

The handwriting in Lacy's Complaint is not always legible, and her allegations are sometimes difficult to untangle. As an initial matter, "Tennessee Civil Rule 15g Third Party" appears to refer to Tenn. Ct. App. R. 15(g), which governs who may examine and/or withdraw

1

documents filed under seal, and under what conditions. *See* ECF 1-1 at 5. Plaintiff refers to Defendant as "Tennessee Civil Rule 15g Third Party" because, she alleges, she filed a motion in a state proceeding to view sealed documents to learn that individual's identity, and the motion was denied. *Id.* The gravamen of Lacy's Complaint appears to be that, due to to injuries she sustained at the hands of state doctors (a broken thumb and a "split in my heart,"[1] ECF 1 at 11), she was awarded a $10.5 billion settlement, which Defendants colluded to fraudulently steal and distribute to others. ECF 1 at 6–7, 18. As a remedy, Lacy asks the Court to compel Defendants to convert their ill-gotten gains back into cash and to return the money to her, *id.* at 21, along with unspecified punitive damages, *id.* at 6. Lacy alleges various causes of action including theft, fraud, forgery, money laundering, and a violation of the False Claims Act. *Id.* at 7, 11; ECF 1-2 at 1. She also alleges unspecified violations of her civil rights. ECF 1 at 12; ECF 3 at 3.

**II.     Analysis**

Federal Rule of Civil Procedure 8(a)(2) requires civil complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not demand "detailed factual allegations," but it does require enough factual information "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These procedural requirements promote fairness in litigation—Rule 8(a) is intended to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Federal Rule of Civil Procedure 10(b) requires a complaint to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a

---

[1] Those injuries appear to align with those alleged by Lacy in state court in a different case (an order from which is included as an exhibit to her Complaint, ECF 1-1 at 5). *See Lacy v. Meharry Gen. Hosp.*, No. M2021-632-COA-R3-CV, 2022 WL 2981508, at *1 (Tenn. Ct. App. July 28, 2022). In those proceedings, the trial court granted summary judgment for the defendant, which the Court of Appeals of Tennessee affirmed. *Id.* at *8.

single set of circumstances." Pleadings filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even *pro se* litigants must comply with the Federal Rules of Civil Procedure.

Lacy's complaint fails to meet that standard. Lacy does not explain the provenance of the alleged $10.5 billion settlement. Nor does the Court find it plausible that any entity, especially an insurance company, would agree to pay an individual such an enormous settlement for any injury, let alone those alleged. Lacy alleges that the settlement money was stolen from her, but does not clearly state by whom or by what mechanism that theft occurred. That makes it impossible to determine the factual basis of her claims. Moreover, Lacy fails to provide Defendants with notice as to the grounds for her Complaint, bouncing between various causes of action throughout the document.[2] The Court is skeptical that it has subject matter jurisdiction in this case, but without clarity about Lacy's allegations and causes of action, the Court cannot determine whether this case can proceed. Finally, Lacy's Complaint fails to "state its claims . . . in numbered paragraphs" as required by Fed. R. Civ. P. 10(b). A Defendant tasked with answering the Complaint would not know where to begin.

Lacy's Complaint is therefore dismissed for failure to comply with Fed. R. Civ. P. 8(a)(2) and 10(b). The Court acknowledges that dismissing a case *sua sponte* is an unusual step, but the Court has the authority to do so when a plaintiff fails to comply with procedural rules. *See, e.g.*, *Brown v. Washington Metro. Area Transit Auth.*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing a complaint *sua sponte* for failing to comply with FRCP 8(a)); *Hamrick v. United States*, No. 10-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (same); *see also Ciralsky v. CIA*, 355 F.3d

---

[2] The only cause of action checked off on the Civil Cover Sheet is the False Claims Act. *See* ECF 1-2.

661, 668–69, 671 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim without prejudice for failure to comply with Rule 8(a)).

The Court grants Lacy leave to refile within 30 days an amended complaint that cures the existing deficiencies. However, if Lacy fails to file an amended complaint within that timeframe or files an amended complaint that merely recycles the complaint presently before the Court, her case may be dismissed with prejudice. *See Brown*, 164 F. Supp. 3d at 35. Lacy's allegations must be contained in a single document; "errata" filed as standalone documents will not be accepted. Finally, should Lacy opt to refile, the Court reminds her that, under the Eleventh Amendment, "a State will . . . not be subject to suit in federal court unless it has consented to suit," *Blatchford v. Native Vill. of Noatak & Circle Vill.*, 501 U.S. 775, 779 (1991), or unless Congress has expressly abrogated its immunity pursuant to the Fourteenth Amendment, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). If Lacy chooses to replead her claims against the State of Tennessee or its courts, her Complaint must include a "short and plain statement of the grounds" on which the Court could exercise jurisdiction over those claims. Fed. R. Civ. P. 8(a)(1).

### III.   Conclusion

Plaintiff's Complaint, ECF 1, is **DISMISSED**, but she is granted leave to refile within 30 days an amended complaint. A separate order accompanies this Memorandum Opinion.

**SO ORDERED.**

DATE: December 16, 2022

_____<br>
Jia M. Cobb<br>
U.S. District Court Judge