UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH LACY,<br><br>    Plaintiff,<br><br> v.<br><br>TENNESSEE CIVIL RULE 15G THIRD PARTY, *et al.*,<br><br>    Defendants. | Civil Action No. 22-3537 (JMC) |

**MEMORANDUM OPINION**

  Deborah Lacy, proceeding *pro se*, filed a civil complaint against the State of Tennessee, the Appellate Court of Middle Tennessee, an unidentified "Tennessee Civil Rule 15g Third Party," an individual named Dave Ramsey, and John Cooper (the Mayor of Nashville). ECF 1. That Complaint made various allegations centered around an enormous, $10.5 billion settlement, which Ms. Lacy alleged had been stolen from her by Defendants. The Court dismissed Ms. Lacy's Original Complaint *sua sponte* for failure to comply with Fed. R. Civ. P. 8(a)(2) and 10(b), but granted Ms. Lacy leave to refile an amended complaint within thirty days. ECF 8, 9. Ms. Lacy then filed an Amended Complaint on January 4, 2023. ECF 12.

  The matter is before the Court on two Motions to Dismiss and a Motion for an Injunction. The first Motion to Dismiss was filed by the State of Tennessee and the Appellate Court of Middle Tennessee.[1] ECF 16. The second was filed by Mr. Ramsey, ECF 26. The Court grants both of

---

[1] Tennessee's Motion to Dismiss also purports to be made on behalf of the "Tennessee Civil Rule 15g Third Party." ECF 16 at 1. However, it is not clear to the Court on what basis the State of Tennessee purports to speak on behalf of those unnamed individuals. Accordingly, the Court will treat Tennessee's Motion to Dismiss as if it were made only on behalf of the State of Tennessee and the Appellate Court of Middle Tennessee. The Court will address Ms. Lacy's claims against the "Tennessee Civil Rule 15g Third Party" *sua sponte*.

1

those Motions to Dismiss. In addition, the Court dismisses Ms. Lacy's claims against Mayor Cooper and the "Tennessee Civil Rule 15g Third Party," *sua sponte* and with prejudice, for failure to comply with Rule 8(a)(2). Finally, the Court denies as premature Mr. Ramsey's Motion for a Pre-Filing Injunction against Ms. Lacy, ECF 27, which would bar Ms. Lacy from filing any future lawsuits against Mr. Ramsey in federal court without first obtaining leave to do so.

## I. BACKGROUND

On November 16, 2022, Deborah Lacy filed a 24-page, handwritten Complaint, making various allegations against the State of Tennessee, the Appellate Court of Middle Tennessee, an unidentified "Tennessee Civil Rule 15g Third Party," Dave Ramsey, and John Cooper (the Mayor of Nashville). ECF 1. She also filed four handwritten "Errata," each of which purported to make amendments to the Original Complaint. ECF 3, 4, 5, and 7. For the sake of completeness, the Court considered those documents, together, to be Ms. Lacy's Original Complaint. ECF 8 at 1. On December 16, 2022, the Court dismissed the Original Complaint for failure to comply with Fed. R. Civ. P. 8(a)(2) and 10(b). ECF 8, 9. That dismissal was without prejudice; the Court granted Ms. Lacy leave to file an amended complaint, within thirty days, to cure the deficiencies of the original. ECF 8 at 4. At the same time, the Court cautioned Ms. Lacy that if she failed "to file an amended complaint within that timeframe or file[d] an amended complaint that merely recycles the complaint presently before the Court, her case may be dismissed with prejudice." *Id.*

Ms. Lacy filed her Amended Complaint on January 4, 2023. ECF 12. Subsequently, she also filed an "Errata" to the Amended Complaint, ECF 13, which the Court has reviewed and will consider as part of the Amended Complaint.[2] As was the case with the Original Complaint, the

---

[2] The Court's Memorandum Opinion dismissing the Original Complaint instructed Ms. Lacy that, should she opt to amend her complaint, her "allegations must be contained in a single document; "errata" filed as standalone documents will not be accepted." ECF 8 at 4. Because the "Errata" submitted as ECF 13 does contain all Ms. Lacy's allegations

2

handwriting in the Amended Complaint is not always easy to read, and Ms. Lacy's allegations are sometimes difficult to untangle. The gravamen of the Amended Complaint appears to be that, due to injuries she sustained at the hands of state-sponsored doctors ("broken bones, stabbing, splitting of heart, and shoulder replacement," ECF 12 at 5), Ms. Lacy was awarded a $10.5 billion settlement, the entirety of which Defendants colluded to fraudulently steal and distribute to various state actors. *Id.* at 4. As a remedy, Ms. Lacy asks the Court to compel Defendants to convert their ill-gotten gains back into cash and return the money to her, along with $5.5 billion in punitive damages. *Id.* at 14–15. The Amended Complaint alleges at least a half-dozen causes of action, including "theft by design," fraud, forgery, and money laundering, *id.* at 4, 12, violations of the False Claims Act and Telephone Consumer Protection Act, *id.* at 18, and unspecified violations of Ms. Lacy's civil rights based on her race, *id.* at 19.

On January 18, 2023, a Motion to Dismiss was filed by the State of Tennessee, the Appellate Court of Middle Tennessee, and the "Tennessee Civil Rule 15g Party." ECF 16. Amongst other arguments, the Motion contends that the State of Tennessee and the Appellate Court of Middle Tennessee are not proper parties under the Eleventh Amendment to the United States Constitution, and that all claims against those Defendants should therefore be dismissed for lack of subject matter jurisdiction. ECF 16-1 at 2–3. The Motion also argues that Ms. Lacy has failed to plead any facts to establish that the Court has personal jurisdiction over any of the unnamed individuals referenced by the moniker "Tennessee Civil Rule 15g Party." *Id.* at 4. After the Motion to Dismiss was docketed, the Court issued a "Fox Order" informing Ms. Lacy of her obligations to respond to the Motion to Dismiss. ECF 17. In response, Ms. Lacy filed a timely

---

in a single document, and because Ms. Lacy is proceeding pro se, the Court finds that Ms. Lacy made an effort to comply with its instructions and will consider the Errata as it did with the Original Complaint. ECF 8 at 1.

3

Memorandum in Opposition, ECF 18, as well as four "Errata," ECF 21, 22, 25, and 29, which the Court construes as part of her Opposition.

On February 17, 2023, Mr. Ramsey also filed a Motion to Dismiss. ECF 26. Amongst other things, his Motion argues that Ms. Lacy failed to plead any facts to establish that the Court has personal jurisdiction over Mr. Ramsey. *Id.* at 2. The Court issued another "Fox Order," ECF 28, and Ms. Lacy filed a timely Opposition to Mr. Ramsey's Motion on February 28, 2023, ECF 30. She also filed one "Errata," ECF 35, which the Court construes as part of her Opposition. Mr. Ramsey filed a Reply on March 13, 2023. ECF 33.

On the same day that Mr. Ramsey filed his Motion to Dismiss, he also filed a Motion for a Pre-Filing Injunction, requesting that the Court enjoin Ms. Lacy from "filing any future lawsuits against him in any federal court nationwide without first obtaining leave of court." ECF 27 at 1. In response, Ms. Lacy filed a Memorandum in Opposition, ECF 31, then a Supplement to that Memorandum, ECF 32. She has since filed three "Errata" to those documents, ECF 36, 37, and 38, which the Court construes as part of her Opposition. Mr. Ramsey filed a Reply on March 13, 2023. ECF 34. All pending motions are fully briefed and ripe for review.[3]

## II.  LEGAL STANDARDS

### A.  Subject matter jurisdiction under Rule 12(b)(1)

When reviewing a Rule 12(b)(1) motion for lack of subject matter jurisdiction, the Court must "treat the complaint's factual allegations as true" and afford the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Han v. Lynch*, 223 F. Supp. 3d 95, 103 (D.D.C. 2016). Unlike a Rule 12(b)(6) motion, the Court "may consider materials outside the

---

[3] The docket does not reflect that Mayor Cooper has been served or filed an appearance in the case.

pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

### B. Personal jurisdiction under Rule 12(b)(2)

Under Rule 12(b)(2), a defendant may move to dismiss an action when the court lacks personal jurisdiction. On such a motion, the plaintiff bears the burden of establishing a factual basis for the exercise of personal jurisdiction over each defendant. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). To meet this burden, the plaintiff must allege specific facts that connect each defendant with the forum. *Second Amend. Found. v. U.S. Conf. of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). The plaintiff may not rely on conclusory allegations alone. *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003).

The court may exercise personal jurisdiction over a defendant in one of two ways: general jurisdiction or specific jurisdiction. *Urban Inst. v. FINCON Servs.*, 681 F. Supp. 2d 41, 44 (D.D.C. 2010). "A court with general jurisdiction may hear any claim against that defendant." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017). For an individual, the "paradigm forum" for the exercise of general jurisdiction is the individual's domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Specific jurisdiction, unlike general jurisdiction, "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* at 919. "Specific jurisdiction exists if a claim is related to or arises out of the non-resident defendant's contacts with the forum." *Mich. Welfare Rts. Org. v. Trump*, 600 F. Supp. 3d 85, 98 (D.D.C. 2022).

This Court's exercise of personal jurisdiction over nonresidents of the District of Columbia must satisfy both the Due Process Clause and the District's long-arm statute. *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). To satisfy due process requirements, "a plaintiff must show minimum contacts between the defendant and the forum

5

establishing that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id*. Unlike under Rule 12(b)(1), the Court cannot generally dismiss a claim under Rule 12(b)(2) *sua sponte*, but may only do so on a motion from the relevant party. *See Kapar v. Kuwait Airways Corp.*, 845 F.2d 1100, 1105 (D.C. Cir. 1988).

### C. Dismissal under Rule 8(a)(2)

Rule 8(a)(2) requires civil complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not demand "detailed factual allegations," but it does require enough factual information "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These procedural requirements promote fairness in litigation—Rule 8(a) is intended to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Pleadings filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even *pro se* litigants must comply with the Federal Rules of Civil Procedure.

"When a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413–14 (D.D.C. 2017). "However, the federal courts are far less charitable when one or more amended pleadings already have been filed with no measurable increase in clarity." *Id.* at 414. "If a plaintiff has been given ample opportunity to comply with Rule 8 but fails to do so, or if the amended pleading suffers from similar insufficiencies, then it is appropriate for the Court to dismiss the case without providing another opportunity to amend." *Id.*; *see also Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (upholding the district court's dismissal of an entire action when the defendant

was given a prior opportunity to correct the error but his amended complaint suffered from the same Rule 8 defects).

### D. Pre-filing injunction

Access to courts is a constitutional right. *In re Powell*, 851 F.2d 427, 430 (D.C. Cir. 1988). However, that right "is neither absolute nor unconditional." *In re Green*, 669 F.2d 779, 785 (D.C. Cir. 1981), *overruled on other grounds by Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions," including "the authority to issue pre-filing injunctions against litigants who continue to abuse the judicial process by filing frivolous, duplicative, and harassing lawsuits." *Crumpacker v. Ciraolo-Klepper*, 288 F. Supp. 3d 201, 204 (D.D.C. 2018). Prior to issuing a pre-filing injunction against a vexatious litigant, the Court must: (1) provide the individual with notice and an opportunity to oppose it, (2) create an "adequate record for review," and (3) "make substantive findings as to the frivolous or harassing nature of the litigant's actions." *Powell*, 851 F.2d at 431.

## III. ANALYSIS

The Court's analysis is broken into four parts. First, the Court dismisses with prejudice Ms. Lacy's claims against the State of Tennessee and the Appellate Court of Middle Tennessee for lack of subject matter jurisdiction. Next, the Court dismisses, also with prejudice, Ms. Lacy's claims against all other parties for failure to comply with the pleading standards of Rule 8(a)(2). Third, the Court notes that Ms. Lacy's claims against Mr. Ramsey should also be dismissed under Rule 12(b)(2) for lack of personal jurisdiction. Finally, the Court denies as premature Mr. Ramsey's request for a pre-filing injunction.

### A. Ms. Lacy's claims against Tennessee and the Appellate Court of Middle Tennessee are dismissed with prejudice for lack of subject matter jurisdiction.

The Supreme Court has repeatedly affirmed that the Eleventh Amendment bars suits for damages in federal court against a state unless the state expressly consents to suit, or Congress abrogates the state's immunity under the Fourteenth Amendment, or in the case of certain specific exceptions not relevant here. *See Hans v. Louisiana*, 134 U.S. 1 (1890); *see also PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244, 2258 (2021); *Alden v. Maine*, 527 U.S. 706 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). The protections of the Eleventh Amendment extend "beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the state or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

The State of Tennessee has not waived its immunity under the Eleventh Amendment with respect to any cause of action that the Court can construe in Ms. Lacy's pleadings. *See* Tenn. Code Ann. § 20-13-102(a); *see also Berndt v. Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986). Nor has Congress abrogated Tennessee's immunity for this type of suit. Although 42 U.S.C. § 1983 allows a plaintiff to sue an officer of the state in his or her individual capacity, that statute does not contemplate that the state, any state entity, or state employees in their official capacities are amenable to suit. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.").

Here, Ms. Lacy seeks to recover money damages in federal court from the State of Tennessee and its appellate court, which is clearly an entity of the state for purposes of this suit. *See Dougherty v. McKee*, No. 16-5052, 2017 WL 2332591, at *1 (D.C. Cir. Feb. 2, 2017) ("The district court properly determined that appellant's claims for damages against the government and judicial officers were barred by sovereign immunity and the Eleventh Amendment."). Such a lawsuit is barred by the Eleventh Amendment. Therefore, Ms. Lacy's claims against those Defendants are dismissed, with prejudice, for lack of subject matter jurisdiction.

### B. Ms. Lacy's remaining claims are dismissed with prejudice for failure to comply with the pleading standards of Rule 8(a)(2).

The Amended Complaint, like the original, fails to comply with either Fed R. Civ. P. 8(a)(2). That failure is not necessarily for lack of effort. The Court observes that there are several ways in which the Amended Complaint attempts to respond to the deficiencies identified in the Court's dismissal of the original. *See* ECF 8. For example, the Amended Complaint includes (in language taken directly from the dismissal order) a new section purporting to explain "the provenance of the 10.5 billion dollar settlement." ECF 12 at 3–4. However, that new section contains only allegations of "beatings" by dozens of unnamed individuals, plus unspecified (even hypothetical) injustices at the hands of state courts, all of which Ms. Lacy speculates are somehow related to an indeterminate number of "claims with different insurance companies." *Id.* at 4. In other words, the Amended Complaint still fails to provide the facts necessary for either the Court or a defendant tasked with crafting a response to Ms. Lacy's claims to understand the provenance of the alleged (implausibly large) settlement.

Ms. Lacy has attempted to clear up one point of confusion by revising the name of the first Defendant from "Tennessee Civil Rule 15g Third Party" to "Tennessee Court of Appeals Rule 15g

Third Party." *Id.* at 1.[4] Nevertheless, she still fails to provide any comprehensible description of the identity of that party or a plausible explanation of how, exactly, those as-yet unidentified individuals managed to appropriate her money. The narrative that appears to emerge—a conspiracy between various unnamed individuals and the Tennessee courts to fabricate evidence, extract a fortune from over a dozen insurance companies in Lacy's name, and then secretly distribute that money to state actors—is fantastical beyond the point of plausibility. *See Twombly*, 550 U.S. at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). Nor does Ms. Lacy explain exactly what role Mr. Ramsey (the only named Defendant from the class of individuals referred to as the "Tennessee Civil Rule 15g Third Party") played in the alleged misappropriation.

Those shortcomings are particularly glaring when it comes to Mayor Cooper, whose connection to the alleged wrongdoing is one degree further removed—and therefore even more legally indistinct—than with the other Defendants. Ms. Lacy alleges that Mayor Cooper helped to "launder" the settlement that was stolen from her by the other Defendants. More specifically, she alleges that Mayor Cooper was somehow able to gain possession of $18 million of the stolen funds and incorporate them into the municipal budget. ECF 13 at 11. Those allegations are repeated, mostly verbatim, from one of the "Errata" that the Court has considered as part of the Original Complaint. *Compare* ECF 3 at 2–3 *with* ECF 13 at 11. Ms. Lacy provides no explanation for how Mayor Cooper was able to gain access to those funds or incorporate that money into his budget for

---

[4] In her Amended Complaint, Ms. Lacy recaptions the case, referring not to the "Tennessee Civil Rule 15g Third Party" but to the "Tennessee Court of Appeals Rule 15g Third Party." ECF 12 at 1. Because the caption of the case remains the same on the docket, and because Defendants refer to the "Civil Rule 15g Third Party" in their Opposition filings, the Court will continue to refer to that party by the original name in this Opinion, while at the same time acknowledging Ms. Lacy's amendment.

distribution. She fails to provide anything resembling a good faith basis to support her belief that he committed the alleged acts. Nor does she settle on a clear explanation of the legal basis of her claims. It is not even clear from the Amended Complaint whether Ms. Lacy's claims against Mayor Cooper are made against him in his personal or official capacity—a distinction that would be critical to Mayor Cooper's defense in this case. In short, Ms. Lacy has fallen well short of stating a plausible legal claim against Mayor Cooper. *Twombly*, 550 U.S. at 570. The Court therefore concludes that Lacy's claims against the "Tennessee Civil Rule 15g Third Party," Mr. Ramsey, and Mayor Cooper should be dismissed for failure to comply with Rule 8(a)(2).

Having already provided Ms. Lacy with one opportunity to amend her Complaint, ECF 8 at 4, the Court chooses not to do so again. The Court acknowledges that Ms. Lacy appears to have made a good-faith effort to comply with its instructions. However, due to the fantastical nature and persistence of the deficiencies in Ms. Lacy's pleadings, the Court has no confidence that allowing her to file a new complaint in a different case would yield a different result. Accordingly, the Court dismisses Ms. Lacy's claims with prejudice. In other words, should Ms. Lacy attempt to file another suit against these Defendants based on these same events, the doctrine of *res judicata* would apply. *See Ciralsky*, 355 F.3d at 672 n.11 ("A suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of *res judicata*.").

### C. Ms. Lacy's claims against Mr. Ramsey are also dismissed for lack of personal jurisdiction.

The Court also dismisses Ms. Lacy's claims against Mr. Ramsey for lack of personal jurisdiction. Because it is the plaintiff's burden to plead facts to establish personal jurisdiction, the Court begins with the Amended Complaint. Ms. Lacy is proceeding pro se, so the Court will also consider the various errata filed by Ms. Lacy, and her Opposition briefs to the Defendants' Motions to Dismiss. The Amended Complaint lists Mr. Ramsey's address in Tennessee. There is nothing

11

in any of Ms. Lacy's other filings to contradict that assertion.[5] Ms. Lacy makes no representation in any of her filings to suggest Mr. Ramsey is a citizen of any state other than Tennessee, let alone that he is domiciled in the District. The Court therefore concludes that Ms. Lacy has not met her burden to establish the Court's general jurisdiction over Mr. Ramsey.

Nor does Ms. Lacy allege any specific connection between the District and the actions underlying her claims. On the contrary, the Amended Complaint specifically states that "[t]he event giving [rise] to the Claim occurred in Nashville, Tennessee." ECF 13 at 12. Ms. Lacy appears to argue that this Court has jurisdiction because some of the lawyers who filed papers on Defendants' behalf are associated with the Department of Justice. ECF 18 at 4. But even if that were true, it does not come close to establishing that Mr. Ramsey himself had minimum contacts with the District sufficient to establish specific jurisdiction. Nor does the prospect of haling Mr. Ramsey into court in the District of Columbia comport with "traditional notions of fair play and substantial justice." *GTE New Media Servs.*, 199 F.3d at 1347. In short, Ms. Lacy has not alleged facts sufficient to establish personal jurisdiction over Mr. Ramsey. Indeed, the Court finds it implausible that such facts exist. Thus, Ms. Lacy's claims against Mr. Ramsey are dismissed.

### D. The Court denies Mr. Ramsey's motion for a pre-filing injunction as premature.

Finally, the Court considers Mr. Ramsey's motion for a pre-filing injunction against Ms. Lacy. ECF 27. In his Motion, Mr. Ramsey states that, although "[h]e does not know Lacy" and "has no recollection of ever meeting or interacting with her," the current action is the third complaint that Ms. Lacy has filed against him in this jurisdiction since August 2022. *Id.* at 1–2. That is true enough. However, the other two previous actions cited by Mr. Ramsey—Nos.

---

[5] The address listed on Ms. Lacy's Amended Complaint is also consistent with Mr. Ramsey's representation in his Motion to Dismiss that he "is a private citizen of Tennessee, who lives and works in Tennessee." ECF 26 at 2 n.1.

22-cv-2417 (D.D.C.) and 22-cv-2858 (D.D.C.)—are both earlier iterations of this same claims made in this case, each of which was dismissed without prejudice when Ms. Lacy failed to show cause why the court had jurisdiction. *See* No. 22-cv-2417, Min. Order, Aug. 23, 2022; No. 22-cv-2858, Min. Order, Oct. 20, 2022. No Party has pointed to any evidence that, prior to this Opinion, any federal court has fully addressed the merits of Ms. Lacy's claims.

The D.C. Circuit has cautioned that a pre-filing injunction "should remain very much the exception to the general rule of free access to the courts," and that "the use of such measures against a pro se plaintiff should be approached with particular caution." *Powell*, 851 F.2d at 431. Before issuing a pre-filing injunction, a court is required to make a finding that Ms. Lacy has "abuse[d] the judicial process" by taking "frivolous or harassing" actions against the moving party. *Crumpacker*, 288 F. Supp. 3d at 204. The Court has already explained its conclusion that Ms. Lacy's Amended Complaint is frivolous in many respects. However, the Court is not prepared to find that Ms. Lacy has abused the judicial process by taking this and other courts up on their invitation to refile her claims after they were dismissed without prejudice. This is not a case like *Caldwell v. Obama*, 6 F. Supp. 3d 31 (D.D.C. 2013), in which the plaintiff's filing of five similar complaints—despite the repeated failure of their claims on the merits—rose to the level of "a continuous pattern of groundless and vexatious litigation." *See id.* at 51. Nor is it a case like *Davis v. United States*, 569 F. Supp. 2d 91 (D.D.C. 2008), in which the plaintiff filed a fourth "substantially similar" complaint in the District after a lawsuit was dismissed with prejudice (on the merits) in another jurisdiction. *See id.* at 98–99; *Davis v. U.S. Gov't*, No. 07-cv-3039, 2007 WL 1847190 (W.D. Mo. June 25, 2007).

In short, the Court finds that a pre-filing injunction against Ms. Lacy would be premature at this stage. Nevertheless, Ms. Lacy is cautioned that the repeated filing of frivolous claims against

13

Mr. Ramsey and the other Defendants could lead to such an injunction in the future. The Court encourages Ms. Lacy to carefully consider the Court's Opinion in this case before proceeding down that path.

## IV. CONCLUSION

For the above reasons, the instant action is DISMISSED in its entirety. Ms. Lacy's claims against the State of Tennessee and the Appellate Court of Middle Tennessee are DISMISSED WITH PREJUDICE under Fed. R. Civ. P. 12(b)(1) for want of subject matter jurisdiction. Her claims against the "Tennessee Civil Rule 15g Third Party," Dave Ramsey, and John Cooper are DISMISSED WITH PREJUDICE for her repeated failure to satisfy the pleading requirements of Rule 8(a)(2). Her claims against Dave Ramsey are also DISMISSED under Rule 12(b)(2) for lack of personal jurisdiction. Finally, the Court DENIES as premature Mr. Ramsey's motion for a pre-filing injunction that would bar Ms. Lacy from filing claims against him in any federal court without first obtaining leave to do so.

A separate Order will accompany this Memorandum Opinion.

**SO ORDERED.**

DATE: March 20, 2023

_____<br>
Jia M. Cobb<br>
U.S. District Court Judge